Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7975 | **DATE** | November 6, 2012 |
| **CASE TITLE** | Darr Hall (#2010-0517001) v. Hillside Police Department, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is denied. Plaintiff is directed to submit a renewed *i.f.p.* petition that is certified by a trust fund officer; he must also attach copies of his prison trust fund ledgers showing his income for the six months preceding the filing of this action, that is, from 4/4/2012 through 10/4/2012. Additionally, Plaintiff must submit a new proposed amended complaint (along with a judge's copy and service copies). Failure of Plaintiff to comply with these directives within thirty days will result in summary dismissal of this case. The Clerk is directed to send Plaintiff an amended complaint form, and instructions along with a copy of this order.

■ **[For further details see text below.]**                                           Docketing to mail notices.

## STATEMENT

Plaintiff, a pre-trial detainee in custody at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and seeks leave to proceed *in forma pauperis*. Plaintiff claims that Defendant Police Officers from Hillside, Chicago, and the State of Illinois subjected him to excessive force on arrest.

Plaintiff has failed either to pay the $350.00 filing fee or file a properly completed application to proceed *in forma pauperis*. His application to proceed *in forma pauperis* is incomplete and is denied.

An incarcerated person seeking leave to proceed *in forma pauperis* must obtain a certificate from a prison official stating the amount of money the prisoner has on deposit in his or her prison or jail trust fund account. Plaintiff's application is not certified by a prison official. Plaintiff is reminded that the certification must be properly completed and executed by an authorized officer of his correctional institution.

To enable the court to make the necessary assessment of an initial partial filing fee, the prisoner must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff has also failed to include copies of his prison trust fund ledgers from the past six months.

In short, if Plaintiff wants to proceed with this lawsuit, he must submit a properly certified *i.f.p.* petition by an authorized jail official, along with copies of trust fund ledgers showing his income for the six months preceding the filing of this lawsuit [that is, from April 4, 2012, through October 4, 2012]. The Clerk will provide Plaintiff with a blank *i.f.p.* application. The Clerk shall also forward a copy of this order to the trust fund officer at Pontiac Correctional Center to facilitate compliance. Failure to comply [or, in the alternative, to submit the statutory filing fee of $350.00] will result in summary dismissal of this suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980). If Plaintiff submits another improperly certified *i.f.p.* application, this case will be summarily dismissed pursuant to *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).
**(CONTINUED)**

AWL

| STATEMENT  (continued) |
|---|

Additionally, Plaintiff's complaint is deficient and must be dismissed. Plaintiff has not named a suable entity as a Defendant. *See Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993). Plaintiff must name as Defendants the individual police officer(s) who allegedly subjected him to excessive force. If Plaintiff cannot name the individual officers, he can name a supervisory official such as Hillside Police Chief Joseph Lukaszek and Chicago Police Superintendent Garry McCarthy, for the purpose of identifying unknown Defendants. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996)*; Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995). Although Plaintiff may name these supervisory officials in order to identify unknown Defendants, he asserts no claims for which they can be held personally liable under § 1983. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (supervisors cannot be held liable for the constitutional torts of a subordinate under a theory of *respondeat superior).* Thus, the supervisors should be named as Defendants in the amended complaint only if they are needed to identify the unnamed police officers.

Once Plaintiff has obtained service on the supervisors, and an attorney has entered an appearance on their behalf, Plaintiff may submit a list of questions (referred to as "interrogatories") eliciting information regarding the identity of the Defendants who allegedly violated Plaintiff's constitutional rights. *See* FED. R. CIV. P. 33. After Plaintiff learns Defendants' identities, he may again ask leave to amend the complaint to add their names as Defendants. Summonses will then issue for service on Defendants in interest and the supervisory Defendants will be dismissed. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the correctional officers as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

Plaintiff's complaint is dismissed without prejudice. He has leave to file an amended complaint consistent with this order within thirty days. Failure to do so will result in summary dismissal of this case. *See Brekke v. Morrow*, 840 F.2d 4, 5 (7th Cir. 1988).