# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer **RRP** | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7975 | **DATE** | January 2, 2013 |
| **CASE TITLE** | Darr Hall (#2010-0517001) v. Hillside Police Department, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#9] is denied. Absent payment of the full statutory filing fee of $350.00 within thirty days of the date of this order, the case will be dismissed. The court warns, further, that Plaintiff has again failed to name a suable Defendant, and his claim appears to be untimely. Should Plaintiff seek to amend his complaint, he should first perform research to determine that his claim is timely. If so, Plaintiff should name a suable Defendant in the caption of his complaint and, if necessary, seek the identity of other individual Defendants by way of interrogatories served on any individual Defendant who appears here. The Clerk is directed to forward to Plaintiff an amended complaint form, and instructions along with a copy of this order.

■[**For further details see text below.**]     Docketing to mail notices.

## STATEMENT

     Plaintiff, a pre-trial detainee in custody at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and seeks leave to proceed *in forma pauperis*. Plaintiff claims that Defendant Police Officers from Hillside, Chicago, Broadview, and Forest Park subjected him to excessive force when he was arrested.

     Plaintiff initiated this action by submitting a complaint on October 4, 2012 naming three police departments as purported Defendants. In an order dated November 13, 2012, the court denied Plaintiff's *i.f.p.* application as incomplete, and ordered him to submit a proposed amended complaint, naming a suable Defendant. Plaintiff has submitted a proposed amended complaint, but he again names only police departments as Defendants–specifically, the police departments of Hillside, Chicago, Broadview, and Forest Park. The amended complaint also specifies the date of the alleged incident: May 13, 2010.

     Initially, the court notes that Plaintiff's financial affidavit reveals that he has a current balance of $550.00 in his prison trust account. Because Plaintiff is a prisoner for whom the State provides the necessities of life, such assets do not qualify him for pauper status. *See Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987); *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980). The court concludes he is capable of paying the $350.00 filing fee and directs him to do so within 30 days, by check or money order made payable to Clerk, United States District Court. If Plaintiff fails to comply with this order, the case will be summarily dismissed. *See Brekke v. Morrow*, 840 F.2d 4, 5 (7th Cir. 1988).

**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

In addition, if Plaintiff wishes to proceed he must submit a proposed second amended complaint. As the court explained earlier, police departments are not suable entities. *Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993). While Plaintiff has identified some individual police officers in the body of his proposed amended complaint, he has not named them as Defendants in the case caption. The court notes, in addition, that the date of the alleged wrongdoing is May 13, 2010. Any claim relating to actions taken by police officers on that date appear to be time-barred. *See Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002) (although time-bar is an affirmative defense, it may be the grounds for a preliminary dismissal of a claim, if it is plain from the face of the complaint that the claim is untimely) The U.S. Supreme Court, in *Wilson v. Garcia*, 471 U.S. 261 (1984), held that 42 U.S.C. § 1988 requires federal courts to borrow and apply a state's personal injury statute of limitations to all Section 1983 claims. The applicable statute in this instance is 735 ILCS 5/13-202 (2006), which provides that actions for damages shall be commenced within two years after the cause of action accrued. *Williams v. Lampe*, 399 F.3d 867, 869-70 (7th Cir. 2005); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). Illinois no longer tolls the statute of limitations for inmates. *See Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). In an action alleging excessive force, the statute of limitations begins to run for an action when the events allegedly happened. (*see Foryoh v. Hannah-Porter,* 428 F. Supp. 2d 816 (N.D.Ill.) (2006)). Plaintiff initiated this action in October 2012, several months after the two-year time for filing had expired. The court warns that he should submit a proposed amended complaint only if he has a claim that is not time-barred, or can show some reason why the limitations period should be tolled. The court warns, further, that should any amended complaint present only time-barred claims, the court would dismiss the amended complaint and subject Plaintiff to a "strike" pursuant to 28 U.S.C. § 1915(g).

In sum, Plaintiff must pay the statutory filing fee in full within thirty days, prior to proceeding with this suit. Additionally, Plaintiff should submit a proposed second amended complaint within thirty days, naming a suable Defendant, only to the extent he can state a claim that is not time-barred. If Plaintiff fails to comply with this order within thirty days, this case will be dismissed pursuant to FED. R. CIV. P. 41(b).